# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued April 14, 2011          Decided June 24, 2011

No. 10-3079

UNITED STATES OF AMERICA,
APPELLEE

v.

JARON BRICE,
APPELLANT

Consolidated with 10-3080

Appeals from the United States District Court
for the District of Columbia
(Nos. 1:05-mc-00405 & 1:05-mc-00406)

*Jonathan S. Jeffress*, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was *A. J. Kramer*, Federal Public Defender.

*Matthew B. Nicholson*, Attorney, U.S. Department of Justice, argued the cause for appellee. With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney, and *Roy W. McLeese III*, Assistant U.S. Attorney.

Before: HENDERSON, ROGERS, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*:   Jaron Brice was a pimp who prostituted under-age girls, among others.   He was convicted of various federal sexual abuse crimes, and he was sentenced to 25 years in prison.   At his sentencing hearing, the District Court referred to sealed material witness proceedings concerning two victims of Brice's activities. After sentencing, Brice asked the District Court to unseal the records of those two material witness proceedings.   The District Court denied the request.   Brice appeals that denial, claiming that the First Amendment guarantees a right of access to material witness proceedings.   *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-80 (1980). We assume arguendo that the qualified First Amendment right of access to judicial proceedings extends to material witness proceedings.   Even so, under our First Amendment access precedents, the public was not entitled to the records here, which contained "substantial amounts of material of an especially personal and private nature relating to the medical, educational, and mental health progress" of the victims. *United States v. Brice*, Nos. 05-405 & 05-406, slip ops. at 2 (D.D.C. Aug. 6, 2010) (orders denying motions to unseal); *see Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991).  We affirm the orders of the District Court.

I

Jaron Brice was convicted of child sex trafficking, transporting a minor for prostitution, transporting an adult for prostitution, first-degree child sexual abuse, and pandering.

As the District Court described it, Brice "preyed on very young girls at very difficult times in their lives and used them for his own purposes, used them, abused them, in really terrible, terrible ways." Tr. of Sent. Hr'g at 32, Sept. 15, 2006. At trial, the Government presented evidence that Brice's crimes involved at least three juveniles and four adults. The counts on which Brice was convicted involved two victims, one of whom was a minor.

During its investigation of Brice's crimes, the Government arrested two of his juvenile victims on material witness warrants.[1] At the Government's request, the court sealed all documents related to the material witness warrants and subsequent proceedings regarding detention of those witnesses.

Brice was sentenced to 25 years' imprisonment. At Brice's sentencing hearing, the District Court rejected Brice's counsel's request for a 10-year sentence, noting that Brice's misconduct "didn't happen just once," but rather that "six or seven" young women were involved, which "wasn't a small number." Tr. of Sent. Hr'g at 19, June 19, 2009. Brice's counsel objected that Brice was convicted for acts involving two victims, only one of whom was under age. *Id.* at 41. In response to that objection, the District Court stated: "For purposes of sentencing and the seriousness of the offense there were girls, I know there were girls. I spoke to some of the girls whom we held as material witnesses before trial." *Id.*

Brice later moved to unseal the material witness proceedings regarding his victims. Brice asked for full

---

[1] One was the minor victim of the crimes for which Brice was convicted.

unsealing of each case file, or, "[i]n the alternative, . . . limited unsealing of the miscellaneous case so that the defense may review the court file and order the preparation of any transcripts necessary to Mr. Brice's appeal." Brice stated that he would agree to "whatever reasonable conditions the Court deems appropriate, including the entry of an appropriate protective order governing the use of the information contained in the miscellaneous case file."

Applying the *Washington Post* First Amendment standard governing access to judicial proceedings, the District Court denied Brice's motions. *See Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991). The court based its decision on the fact that the "material witness proceedings contain intensely private and painful information about both girls' medical and mental health issues." *United States v. Brice*, Nos. 05-405 & 05-406, slip ops. at 4 (D.D.C. Aug. 6, 2010) (orders denying motions to unseal). The District Court issued two identical opinions rejecting Brice's arguments for disclosure of the records related to the two victims' material witness proceedings.

II

Brice argues that sealing the records of the material witness proceedings violated the public's First Amendment right of access to judicial proceedings.

The public possesses a qualified First Amendment right of access to judicial proceedings where (i) there is an "unbroken, uncontradicted history" of openness, and (ii) public access plays a significant positive role in the functioning of the proceeding. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980); *see also Press-Enterprise Co. v. Superior Court of Cal.* ("*Press-Enterprise II*"), 478

U.S. 1, 8-9 (1986); *Press-Enterprise Co. v. Superior Court of Cal.* ("*Press-Enterprise I*"), 464 U.S. 501, 505-10 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605-06 (1982). The right is "not absolute." *Press-Enterprise II*, 478 U.S. at 9.

Applying the *Richmond Newspapers* test, the Supreme Court has found that the public has a right of access to criminal trials, voir dire proceedings, and preliminary hearings. *Richmond Newspapers*, 448 U.S. at 564-80 (criminal trials); *Press-Enterprise I*, 464 U.S. at 505-10 (voir dire proceedings); *Press-Enterprise II*, 478 U.S. at 7-10 (preliminary hearings). It has also invalidated a "mandatory closure" law for testimony of juvenile victims of sexual offenses. *Globe Newspaper Co.*, 457 U.S. at 605-10.

Following the Supreme Court's lead, this Court has applied the *Richmond Newspapers* test and found a First Amendment right of access to completed plea agreements, but no right of access to "unconsummated" plea agreements. *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991) (completed plea agreements); *United States v. El-Sayegh*, 131 F.3d 158, 160-61 (D.C. Cir. 1997) (unconsummated plea agreements).

Neither this Court nor any other court of appeals has considered whether the First Amendment right of access to judicial proceedings extends to material witness proceedings. We need not decide that question here. We assume arguendo that the First Amendment affords the public a right of access to material witness proceedings. Even so, that right does not entitle Brice to the records of the material witness proceedings in this case.

Where there is a First Amendment right of access to a judicial proceeding, the "presumption [of access] can be overridden only if (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Washington Post*, 935 F.2d at 290 (internal quotation marks omitted).

Here, as to both victims, the District Court concluded that all three prongs of the *Washington Post* test were satisfied and justified sealing the material witness proceedings and records. The District Court found a compelling interest in closing the proceedings – namely, the interest in "not exposing intimate medical and other facts about these then-juveniles to all and sundry." *United States v. Brice*, Nos. 05-405 & 05-406, slip ops. at 3 (D.D.C. Aug. 6, 2010) (orders denying motions to unseal); *see also Press-Enterprise I*, 464 U.S. at 511 ("compelling interest" when "deeply personal matters" at stake). The court also indicated that "this compelling interest would clearly be harmed if these records were unsealed," noting that "[f]ederal law recognizes the extremely personal nature of proceedings involving child sexual assault victims, including juveniles used for prostitution, and that disclosure of information about them can be detrimental to the child," *Brice*, Nos. 05-405 & 05-406, slip ops. at 3 (orders denying motions to unseal) (internal quotation marks omitted). And finally, based on the nature of the records and the sensitive and highly personal information contained therein, the court ruled that "there are no alternatives to closure to protect that compelling interest." *Id.*

Brice contends that the District Court should have redacted sensitive information from the documents as an alternative to closure. But the District Court made an explicit

finding that no alternative to closure would suffice to protect the sensitive and intensely personal information at issue here. *Brice*, Nos. 05-405 & 05-406, slip ops. at 4 (orders denying motions to unseal). To support that conclusion, the District Court explained that the proceedings contained "substantial amounts of material of an especially personal and private nature relating to the medical, educational, and mental health progress of both minors." *Id.* at 2. The court added: "The material witness proceedings contain intensely private and painful information about both girls' medical and mental health issues . . . ." *Id.* at 4. Moreover, Brice knew the actual names of the victims referred to only by initials in the District Court. Therefore, Brice (and potentially the public) would be able to connect the sensitive personal information to specific individuals. Releasing any of the information would therefore entail a grotesque invasion of the victims' privacy. In light of the District Court's description of the nature of the documents at issue in this case, and given that the defendant knew the identities of the victims in question, redaction was not a viable option here.

Brice also separately contends that the records could have been unsealed only for his counsel and not for the public at large. But the First Amendment right of access he asserts is a right of access for the public. Under the asserted First Amendment right of access, there is no precedent for disclosing material only to a defense counsel.

In sum, the District Court appropriately applied the *Washington Post* test in denying Brice access to the material witness proceedings.[2]

---

[2] This Court has not indicated the proper standard for appellate review of a district court's application of the *Washington Post* standard. We need not decide that question here because even

8

III

Brice also advances statutory, Sixth Amendment, and common law arguments in his effort to open the records of the material witness proceedings. None is remotely persuasive.

Brice raises a statutory argument under 18 U.S.C. § 3509(d).[3] By its terms, however, § 3509(d) is not an affirmative disclosure statute but rather forbids disclosure of

applying a de novo standard, we affirm the District Court's decision.

[3] 18 U.S.C. § 3509(d) provides, in relevant part:

(2) FILING UNDER SEAL.–All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court–

(A) the complete paper to be kept under seal; and

(B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

 . . .

(4) DISCLOSURE OF INFORMATION.–This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

sensitive information. The statute therefore does not afford a right of access to these proceedings. Not surprisingly given the statutory text, Brice cites no precedent that actually supports his § 3509(d) argument. In light of the text and precedent, we reject Brice's § 3509 contention.

Brice raises a Sixth Amendment issue, but he failed to raise that argument in the District Court. We therefore review that contention only for plain error. FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-35 (1993). On plain error review, we may reverse the District Court only if there is "an error that is plain and that affects substantial rights," and "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks and alterations omitted). Brice cannot satisfy this standard for his Sixth Amendment claim. By its terms, the Sixth Amendment guarantees a public *trial*. U.S. CONST. amend. VI. No case has said that the Sixth Amendment gives a right of public access to material witness proceedings. We thus find no plain error with respect to his Sixth Amendment claim.

Brice's assertion of a common-law right of access to these records is also unavailing. The decision whether to seal a judicial proceeding under the common-law standard is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). For reasons discussed in the First Amendment analysis above, the District Court in this case did not abuse its discretion in sealing the records of the material witness proceedings.

10

\* \* \*

We affirm the orders of the District Court.

*So ordered.*